Crerar, Adams & Co. v. Brittain et al., 195 Ill. App. 38.

## Abstract of the Decision.

BROKERS, § 71*—*what is not defense to action for compensation.* In a suit for broker's commissions, the fact that the broker recorded or caused to be recorded the written contract for the exchange of property, without authority from either the buyer or seller so to do, would not alone bar the broker's right to recover if he was otherwise entitled thereto.

Crerar, Adams & Company, Defendant in Error, v. John J. Brittain and M. B. Bushnell, trading as John J. Brittain Company, Plaintiffs in Error.

Gen. No. 20,617.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915. Rehearing denied October 15, 1915.

## Statement of the Case.

Action by Crerar, Adams & Company, a corporation, against John J. Brittain and M. B. Bushnell, trading as John J. Brittain Company, to recover the purchase price of 1,600 gallons of shingle stain, sold by the plaintiff to the defendants at thirty cents per gallon.

The defendants were engaged in the construction of sixteen frame cottages and two brick buildings for the Tuberculosis Sanitarium of the city of Chicago, and the shingle stain in question was to be used in staining the shingles on said cottages. The specifications under which the cottages and buildings were being constructed required a certain brand of shingle stain— "Cabot's No. 320"—to be used in staining the shingles on said cottages. The plaintiff made a proposition to the defendants that it would furnish them with a shingle stain *of the same composition and color as "Cabot's*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Crerar, Adams & Co. v. Brittain et al., 195 Ill. App. 38.

*No. 320"* at thirty cents per gallon. The defendants accepted this offer by letter. The plaintiff delivered 1,600 gallons of the stain to the defendants, and after the latter had used 60 or 65 gallons of the said stain they were notified by the architects to stop using it as it was not the kind of stain (Cabot's No. 320) called for by the specifications. Thereupon, the defendants stopped using the stain furnished by the plaintiff and notified the plaintiff to remove the remainder of the same from the premises of the defendants and refused to pay the plaintiff for any of the stain delivered. The case was tried before the court without a jury, the issues were found for the plaintiff, and the damages were assessed at $512. Judgment was entered on the finding and this writ of error followed.

WALTER A. LANTZ, for plaintiffs in error.

MEYER SHAPIRO, for defendant in error.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 328*—*what is question for jury.* In an action to recover the purchase price of a quantity of shingle stain, required to be of a certain composition and color, the question whether such stain conformed with the requirements was one of fact.

2. SALES, § 267*—*when finding of court proper.* Where a contract for the purchase of shingle stain required the stain to conform in composition and color to a specified brand, the evidence was *held* to support a finding that the stain which was sold was of the proper composition and colors as required by the contract, and the fact that the stain furnished was in fact superior to the brand specified would not make the finding inconsistent, there being evidence that any difference in the stains was due to mixing and preparation rather than to any difference in composition and color.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.